```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                       ATHENS DIVISION
```

ADRIAN RANGEL, *individually and*   *
*on behalf of all similarly*
*situated individuals, et al.,*   *

    Plaintiffs,   *

vs.   *     CASE NO. 3:16-CV-30 (CDL)

COMPLIANCE STAFFING AGENCY,   *
LLC, *et al.*,
       *
    Defendants.
       *

## O R D E R

Defendant Compliance Staffing Agency, LLC ("Compliance") provides staffing services to its clients, including Defendant Elite Storage Solutions, LLC ("Elite"). Elite manufactures and installs storage systems. Compliance places workers who assemble pallet racks for Elite's storage systems, which are installed for Elite's clients. Plaintiffs Adrian Rangel, Luis Rangel, and Jacobo Rangel worked on an Elite client site in Tennessee. They were hourly workers who performed tasks related to the pallet rack assembly process. They claim that they and similarly situated individuals who worked on pallet rack assembly at Elite client sites were misclassified as independent contractors rather than employees and that they were not paid overtime wages as required by the Fair Labor Standards Act

("FLSA"), 29 U.S.C. §§ 201-219.  They filed this action seeking overtime wages and damages under the FLSA.

Plaintiffs also seek conditional certification of their putative FLSA collective action pursuant to 29 U.S.C. § 216(b). Defendants oppose certification, arguing that Plaintiffs' proposed class is too broad and includes individuals who are not similarly situated to Plaintiffs.  Defendants also maintain that Plaintiffs have not established that similarly situated individuals wish to opt in to this action.  As discussed in more detail below, the Court grants Plaintiffs' motion for conditional certification (ECF No. 15).

## DISCUSSION

An employer who violates the FLSA's minimum wage or overtime compensation requirements shall be liable to the affected employees in the amount of the unpaid minimum wages or unpaid overtime compensation. 29 U.S.C. § 216(b).  An action to recover such wages or compensation may be maintained against the employer as a collective action, and employees wishing to be plaintiffs in such an action must "opt in" by filing a written consent with the court.  *See id.*  To maintain an FLSA collective action, the plaintiffs "must demonstrate that they are similarly situated."  *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1258 (11th Cir. 2008).

The Eleventh Circuit has approved a two-stage procedure for managing FLSA collective actions. "The first step of whether a collective action should be certified is the notice stage." *Id.* at 1260. During the notice stage, the court must determine "whether other similarly situated employees should be notified" of the action based on the pleadings and any affidavits. *Id.*; *accord Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (per curiam). The plaintiff must show "a 'reasonable basis' for his claim that there are other similarly situated employees." *Morgan*, 551 F.3d at 1260; *accord Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996) (stating that plaintiffs must demonstrate "a 'reasonable basis' for their claim of class-wide discrimination"). The standard for determining similarity at the notice stage is "fairly lenient." *Id.* at 1261 (quoting *Hipp*, 252 F.3d at 1218). If the court conditionally certifies a collective action, then putative class members are given notice and an opportunity to "opt in." *Hipp*, 252 F.3d at 1218. The second stage is the "decertification" stage. When "discovery is largely complete and the matter is ready for trial[,]" a defendant may file a motion for "decertification," and the court must make "a factual determination on the similarly situated question." *Id.* (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir.

1995)).  If the Court determines that the matter should not proceed as a collective action, the action shall be decertified.

Plaintiffs presently seek conditional certification so that they may notify potential class members of their right to opt in to the action.  No discovery has taken place.  In support of their motion to certify, each Plaintiff submitted a declaration. According to Plaintiffs' declarations, each Plaintiff provided pallet rack assembly services at an Elite client site—Jacobo Rangel as a forklift operator, Luis Rangel as a scissor lift operator, and Adrian Rangel as a floorman.  Plaintiffs assert that they were employed by Compliance and Elite and that Compliance and Elite controlled their work schedule, duties, protocols, assignments, and employment conditions.  Plaintiffs also contend that they were not paid overtime wages even though they worked more than forty hours per week.  Finally, Plaintiffs claim that they know other individuals who worked for Defendants with the same or similar job duties and under the same practices and policies but did not receive overtime.  Thus, Plaintiffs maintain that Defendants' practice of improperly classifying employees as independent contractors is widespread and that other similarly situated employees, who have wrongfully been denied compensation, would likely opt in to the collective action if given notice.

4

Defendants object to conditional certification, arguing that Plaintiffs are not similarly situated to other hourly pallet assembly laborers who worked for Compliance and Elite. First, Defendants emphasize that Elite's pallet assembly workers were placed at fifty different job sites across twenty-five states. The Court finds this argument unpersuasive at the conditional certification stage. Geographical differences do not necessarily doom a collective action, as long as the plaintiffs held similar positions and were subjected to similar treatment by the same decisionmakers. *See, e.g., Hipp*, 252 F.3d at 1219, 1245 (finding that a district court did not abuse its discretion in certifying a collective action where the plaintiffs held the same job title and alleged similar discriminatory treatment, even though the plaintiffs worked in different geographical locations).

Second, Defendants argue that Plaintiffs were not subjected to similar treatment by the same decisionmakers. In support of this argument, Defendants point to the declarations of David Hurd, one of Elite's officers. In his declarations, Hurd avers that approximately half of the workers on Elite's projects are managed by Elite's clients or are subject to certain client policies and procedures. Hurd thus appears to acknowledge that half of the workers on Elite's projects are managed directly by Elite. Hurd's declarations do not state that Plaintiffs were

managed by a client (and not Elite), and his declarations do not state that Plaintiffs were not subject to Elite's overtime policies and procedures even if they were managed by a client. Nothing in the present record refutes the assertions in Plaintiffs' declarations: Plaintiffs and other pallet assembly workers on Elite client sites had similar job duties and worked under similar policies made by the same decisionmakers. Therefore, for purposes of the present motion for conditional certification, the Court is satisfied that Plaintiffs have sufficiently established under the lenient notice-stage standard that they are similarly situated to other hourly pallet assembly workers who worked on Elite client sites as forklift operators, scissor lift operators, and floormen—including workers who were placed by Compliance.

The remaining question is whether Plaintiffs have demonstrated "that there are other similarly situated employees" who desire to opt in. *Morgan*, 551 F.3d at 1259-60; *accord Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 1991). Although a district court would abuse its discretion by granting conditional certification when a motion is supported only by "counsel's unsupported assertions that FLSA violations [are] widespread and that additional plaintiffs would" join the action if given notice, *Haynes v. Singer Co.*,

696 F.2d 884, 887-88 (11th Cir. 1983), the present record is more substantial than that.

Plaintiffs presented declarations stating that Defendants controlled their work schedule, duties, protocols, assignments, and employment conditions. Plaintiffs' declarations also state that Plaintiffs were not paid overtime wages even though they worked more than forty hours per week. Plaintiffs' declarations further state that Plaintiffs know other workers who performed the same or similar job duties, were subjected to the same overtime practices and procedures, and would opt in to the collective action if given notice. Defendants do not dispute that hundreds of Elite's workers, including client site pallet assembly workers, were classified as independent contractors and were not paid overtime.

In sum, there does not appear to be any dispute that Defendants had a widespread practice of classifying pallet assembly workers as independent contractors and not paying them overtime. The only dispute is whether Defendants actually misclassified the pallet assembly workers as independent contractors. The Court is satisfied that Plaintiffs' declarations—which aver that Defendants controlled Plaintiffs' work schedule, duties, protocols, assignments, and employment conditions—"successfully engage defendants' affidavits to the contrary" on this point and suggest that Plaintiffs were

7

misclassified.[1]  *Grayson*, 79 F.3d at 1097 (quoting *Sperling v. Hoffman–LaRoche*, 118 F.R.D. 392, 406 (D.N.J. 1988)).

The Court acknowledges that some other district courts have applied a stricter standard for conditional certification, requiring a critical mass of similarly situated employees to opt in as plaintiffs *before* the Court authorizes notice to be sent to such employees.  The Court rejects the rationale of these cases, which seem to establish some arbitrary number of opt-ins before an action can be certified.  Under this rationale, conditional certification would presumably be inappropriate if you had 20 named plaintiffs, with the prospect of additional opt-ins if notice were provided, but at the time of the motion for conditional certification, no other similarly situated employees had actually opted in.  Yet if you only had one named plaintiff and 19 opt-ins before certification, then that action would be certified.  The Court rejects this approach.  Moreover, the Court does not find such an approach supported by Eleventh Circuit precedent, which makes it clear that a more lenient standard should be applied at the conditional certification stage.

---

[1] Obviously, once some discovery is completed, it may become clear that pallet assembly workers were properly classified as independent contractors or that Defendants did not control the manner and means by which pallet assembly workers' work was accomplished.  But at this point, the record is not sufficiently developed for the Court to find as a matter of law that Plaintiffs have not shown a reasonable basis for their claims.

8

In the present case, evidence exists that there was a widespread practice of classifying pallet assembly workers as independent contractors and not paying them overtime. Three Plaintiffs consented to join this action; they just all happened to do so at the same time. Furthermore, Plaintiffs' sworn declarations state that they know other individuals who would opt in if given notice. It is reasonable to conclude that, given the number of potential workers who may not have been fully compensated, some would likely seek to recover whatever compensation the law requires them to be paid. They certainly should be given notice of their rights and the opportunity to exercise them if they wish to do so. For all of these reasons, the Court is satisfied that under the lenient standard applicable at this stage in the litigation, Plaintiffs have sufficiently established that other similarly situated employees would opt in to this action if given notice.

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion for conditional certification (ECF No. 15) is granted.[2] The Court conditionally certifies this action as an FLSA collective action for all hourly workers who, in connection with the pallet rack

---

[2] By granting Plaintiffs' Motion to Certify, the Court is not making a final determination that Plaintiffs' and the potential class members were "employees" and not "independent contractors" within the meaning of the FLSA. But based on the present record, sufficient evidence exists for conditional certification.

9

assembly process, performed services in the positions of forklift operator, scissor-lift operator, or floorman for Defendant Elite Storage Solutions, LLC (including any workers placed with Defendant Elite Storage Solutions, LLC by Defendant Compliance Staffing Agency, LLC) and who were classified as independent contractors at any time during the last three years.[3]

The parties shall confer and submit to the Court within fourteen days of today's order the following: (1) a joint proposed notice and consent form for Court approval; and (2) a joint proposal on the methodology for class notification.  The Court is inclined to approve notice via first-class mail and email to all individuals who are potential opt-in plaintiffs based on the class as defined above.

Finally, Plaintiffs seek limited discovery for the purpose of identifying and notifying potential class members.  Within twenty one days of today's Order, Defendants shall provide Plaintiffs' counsel with a list of all individuals who are potential opt-in plaintiffs based on the class as defined above.  The list shall be in electronic format and shall include each individual's name, job title, last known address, email address, telephone number, employment dates, and employment location.  The parties shall enter into a confidentiality agreement such

---

[3] Plaintiffs allege that Defendants willfully violated the FLSA. Willful violations of the FLSA are subject to a three-year statute of limitations.  29 U.S.C. § 255(a).

that any of the information provided shall be used solely for the purpose of notifying potential class members of their right to opt in to this action.

IT IS SO ORDERED, this 12th day of July, 2016.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA