# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made by and between ADRIAN RANGEL, JACOBO RANGEL, LUIS RANGEL, BRANDON CHANDLER, JEFFERY LYON, LLOYD ROME JR., and ROGER SCITES ("Plaintiffs"), on the one hand, and COMPLIANCE STAFFING AGENCY, LLC and ELITE STORAGE SOLUTIONS, LLC ("Defendants"), on the other hand.  Together, Defendants and Plaintiffs are referred to as the "Parties."

## RECITALS

WHEREAS, on January 19, 2016, Plaintiffs Adrian Rangel, Jacobo Rangel, and Luis Rangel filed a lawsuit captioned *Adrian Rangel et al. v. Compliance Staffing Agency, LLC and Elite Storage Solutions, LLC*, Case No. 4:16-cv-00008-BO in the U.S. District Court for the Eastern District of North Carolina (hereinafter, the "Litigation");

WHEREAS, Plaintiffs' Complaint alleges that Defendants failed to pay Plaintiffs and similarly situated individuals proper overtime compensation as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA");

WHEREAS, on February 17, 2016, Defendants filed their Answer denying the allegations of Plaintiffs' Complaint and setting forth their affirmative and other defenses;

WHEREAS, on March 17, 2016, the court transferred the Litigation to the U.S. District Court for the Middle District of Georgia, Case No. 3:16-cv-00030-CDL;

WHEREAS, at various times, the additional Plaintiffs set forth above joined the Litigation;

WHEREAS, at all times, Defendants have vigorously denied, and continue to deny, any wrongdoing in connection with the claims asserted in the Litigation; and

WHEREAS, the Parties desire to resolve their claims, disputes and disagreements without any admission of liability.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual recitals, covenants and other good and valuable consideration recited herein, the receipt and legal sufficiency of which each Party hereby acknowledges, agree as follows:

## SETTLEMENT TERMS

1.      **Payment.** In consideration for signing this Agreement and the fulfillment of the promises contained herein, Defendants shall pay Plaintiffs and their counsel a total sum of Fifty Thousand Dollars and Zero Cents ($50,000.00) (the "Settlement Payment").

Defendants shall deliver checks to Plaintiffs' counsel, made payable and allocated as follows:

| | |
|---|---:|
| ADRIAN RANGEL | $6,830.50 |
| JACOBO RANGEL | $6,090.00 |
| LUIS RANGEL | $6,030.00 |
| BRANDON CHANDLER | $2,250.00 |
| JEFFERY LYON | $330.00 |
| LLOYD ROME JR. | $4,431.00 |
| ROGER SCITES | $1,624.00 |
| SOMMERS SCHWARTZ, P.C. | $22,414.50 |
| **GROSS SETTLEMENT AMOUNT:** | **$50,000.00** |

Defendants will issue an IRS Forms 1099 specifically checking box 3 and designating the payment as "other income" for these payments. Plaintiffs and their counsel agree to provide Defendants executed W-9 forms, and any other reasonable and necessary information, as requested by Defendants to execute the Settlement Payment.

The Parties acknowledge and agree that they are solely responsible for paying any attorneys' fees and costs they incurred, except as otherwise provided in this Paragraph, and that neither the Parties nor their attorney(s) will seek any additional award of attorneys' fees, costs, or other monies from the other Party.

2.   **Taxes**.  Plaintiffs shall be solely responsible for, and are legally bound to make payment of, any taxes determined to be due and owing (including penalties and interest related thereto) by them to any federal, state, local or regional taxing authority as a result of the Settlement Payment. Plaintiffs agree to indemnify and hold Defendants harmless with respect to any taxes, interest, penalties, or any other costs or monies related to the Settlement Payment.  Defendants do not make any warranty or representation to Plaintiffs or their counsel regarding the tax consequences of the Settlement Payment.

3.   **Court Approval of Agreement and Dismissal with Prejudice.**  The Parties agree that within five (5) business days after all Parties have executed this Agreement, they shall file a Joint Motion to Approve Settlement and Dismiss Lawsuit with Prejudice (along with a proposed order).  Such Motion shall seek judicial approval of the Agreement and dismissal with prejudice of all of Plaintiffs' claims against Defendants. The Parties will cooperate and take all necessary steps to effectuate final judicial approval of this Agreement and dismissal of the Litigation.  The failure to secure the dismissal of the Litigation *with prejudice*, for whatever reason, will nullify Plaintiffs' and counsel's right to the Settlement Payment.

4.   **Timing of Payment:** The checks described in Paragraph No. 1 of this Agreement shall be delivered to Plaintiffs' counsel within seven (7) business days after the

occurrence of both of the following: (1) the Court approves this Agreement and dismisses the Litigation with prejudice; and (2) Defendants' counsel receives the executed W-9s from Plaintiffs and their counsel.

**5.     Mutual Release.**  In exchange for the consideration described herein, Plaintiffs, on behalf of themselves and their heirs, successors, agents, and all other related persons or entities, and Defendants, on behalf of themselves, their insurers, and their subsidiary, parent, and successor companies, hereby unconditionally and irrevocably release, remise and forever discharge each other of and from any and all complaints, actions, suits, charges, and any claims for counsel fees and costs, unpaid or withheld wages, severance, demands, costs, losses, benefits, bonuses, or commissions, and/or expenses, of any nature whatsoever, asserted or unasserted, named or unnamed, suspected or unsuspected, which they ever had, now have, or hereafter may have against each other arising out of or relating to Plaintiffs' employment and/or independent contractor relationship with, and/or termination of their employment and/or independent contractor relationship with, Defendants from the beginning of time through the Effective Date of this Agreement, including, without limitation, any and all actions, causes of action, claims for or charges of breach of contract, defamation or other tort, wrongful termination, unpaid compensation, and/or for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Rehabilitation Act of 1973, the Civil Rights Act of 1991, the Americans with Disabilities Act of 1990, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Equal Pay Act, the Family and Medical Leave Act of 1993, the Fair Labor Standards Act of 1938, the Employee Retirement Income Security Act of 1974, the Lilly Ledbetter Fair Pay Act of 2009, the Sarbanes-Oxley Act of 2002, all as amended (if applicable), and any other federal, state, local and/or municipal human rights statutes, fair employment statutes, laws and/or regulations pertaining to employment, the termination of employment, or discrimination in employment.  It is expressly understood and agreed that the release contained in this Agreement is a general release.  For purposes of this Agreement, the "Effective Date" with respect to each Plaintiff shall be the date that each Plaintiff signs, and does not revoke, the Agreement.

**6.     No Outstanding or Known Future Claims/Causes of Action.** Each Party affirms that it has not filed with any governmental agency or court any type of action, report, or complaint against the other Party (other than the Litigation), and currently knows of no existing act or omission by the other Party that may constitute a claim or liability excluded from the release in Paragraph No. 5 above.

**7.     No Admission of Liability.** The Parties acknowledge that the Settlement Payment was agreed upon as a compromise and final settlement of disputed claims and that payment of the Settlement Payment is not, and may not be construed as, an admission of liability by Defendants and is not to be construed as an admission that Defendants engaged in any wrongful, tortious or unlawful activity. Defendants specifically disclaim

and deny any liability to Plaintiffs or that they engaged in any wrongful, tortious or unlawful activity.

8. **Non-Disparagement.** Plaintiffs agree that, unless required to do so by legal process, they will not make any disparaging statements or representations, either directly or indirectly, whether orally or in writing, by word or gesture, to any person whatsoever, about Defendants or any of the Defendants' directors, officers, employees, agents or representatives.

For purposes of this Paragraph, a disparaging statement or representation is any communication which, if publicized to another, would cause or tend to cause the recipient of the communication to question the business condition, integrity, competence, good character or product quality of the person or entity to whom the communication relates. This paragraph includes, but is not limited to, communications made on social media—such as Facebook, Instagram, LinkedIn, Twitter, and similar websites and applications.

9. **No Future Employment or Independent Contractor Relationship between the Parties.** Plaintiffs agree to never seek or accept rehire, employment, or an independent contractor relationship, either directly, through a temporary agency, or by any other method, with Defendants or their current or future affiliated companies (collectively, "Defendants' Companies"). Plaintiffs agree that Defendants' Companies shall have no obligation to engage their services in any capacity (*e.g.,* as an employee, contractor, temporary employee, or consultant) in the future and that any application or request for employment or work may be denied solely based on Plaintiffs' breach of this provision of the Agreement.

10. **Specific Release of ADEA Claims.** In further consideration of the Settlement Payment and benefits provided to Plaintiffs in this Agreement, each Plaintiff hereby irrevocably and unconditionally fully and forever waives, releases, and discharges Defendants from any and all claims, whether known or unknown, from the beginning of time to the date of each Plaintiff's execution of this Agreement, arising under the Age Discrimination in Employment Act ("ADEA"), as amended, and its implementing regulations.

By signing this Agreement, each Plaintiff, on his own behalf, hereby acknowledges and confirms that: (i) Plaintiff has read this Agreement in its entirety and understands all of its terms; (ii) Plaintiff has been advised by this Agreement to consult with an attorney before signing this Agreement, and has consulted with such counsel; (iii) Plaintiff knowingly, freely, and voluntarily assents to all of the terms and conditions set out in this Agreement including, without limitation, the waiver, release, and covenants contained herein; (iv) Plaintiff is executing this Agreement, including the waiver and release, in exchange for good and valuable consideration in addition to anything of value to which Plaintiff is otherwise entitled; (v) Plaintiff is given at least twenty-one (21) days to consider the terms of this Agreement and consult with an attorney of each Plaintiff's choice, although Plaintiff may sign it sooner if desired; (vi) Plaintiff understands that he has seven (7) days

from the date of signing this Agreement to revoke the release in this Paragraph by delivering written notice of revocation to Mr. Robert Schaum, CFO, Compliance Staffing Agency, 160 Technology Drive, Canonsburg, PA 15317, before the end of such seven-day period; and (vii) Plaintiff understands that the release contained in this Paragraph does not apply to rights and claims that may arise after the date on which Plaintiff signs this Agreement.

The Parties agree that, to the extent that any provision of this Agreement is determined to be in violation of the Older Workers' Benefits Protection Act ("OWBPA"), it should be severed from the Agreement or modified to comply with the OWBPA, without affecting the validity or enforceability of any of the other terms or provisions of the Agreement.

**11.     Full Payment for Work Performed.**  Plaintiffs acknowledge that, with the payments set forth in this Agreement, they have been fully compensated by Defendants for all unpaid wages for hours allegedly worked, including unpaid minimum wages, overtime wages, liquidated damages, attorneys' fees and any other damages allegedly owed by Defendants, and that no other form of compensation or other damage of any kind is owed to them by Defendants.

**12.     Agreement is Legally Binding.** The Parties intend this Agreement to be legally binding upon and shall inure to the benefit of each of them and their respective successors, assigns, executors, administrators, heirs and estates. Moreover, the persons and entities referred to in Paragraph No. 5 above, but not a Party, are third-party beneficiaries of this Agreement.

**13.     Entire Agreement.** The recitals set forth at the beginning of this Agreement are incorporated by reference and made a part of this Agreement. This Agreement constitutes the entire agreement and understanding of the Parties and supersedes all prior negotiations and/or agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. Furthermore, no modification of this Agreement shall be binding unless in writing and signed by each of the parties hereto.

**14.     New or Different Facts: No Effect.** Except as provided herein, this Agreement shall be, and remain, in effect despite any alleged breach of this Agreement or the discovery or existence of any new or additional fact, or any fact different from that which either Party now knows or believes to be true. Notwithstanding the foregoing, nothing in this Agreement shall be construed as, or constitute, a release of any Party's rights to enforce the terms of this Agreement.

**15.     Interpretation.** Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement. The headings within this Agreement are purely for convenience and are not to be used as an aid in interpretation.

**16.     Governing Law and Choice of Forum.** This Agreement is made and entered into within and shall be governed by, construed, interpreted and enforced in accordance with the laws of the State of Georgia, without regard to the principles of conflicts of laws. Any action to enforce this Agreement shall be brought only in a proper state or federal court within the State of Georgia.

**17.     Reliance on Own Counsel.** In entering into this Agreement, the Parties acknowledge that they have relied upon the legal advice of their respective attorneys, who are the attorneys of their own choosing, that such terms are fully understood and voluntarily accepted by them, and that, other than the consideration set forth herein, no promises or representations of any kind have been made to them by the other Party. The Parties represent and acknowledge that in executing this Agreement they did not rely, and have not relied, upon any representation or statement, whether oral or written, made by the other Party or by that other Party's agents, representatives or attorneys with regard to the subject matter, basis or effect of this Agreement or otherwise.

**18.     Counterparts.** This Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**19.     Drafting.** The Parties acknowledge that they have jointly agreed to the terms and language used herein and that no ambiguity will be construed against any party for having "drafted" this Agreement.

**20.     Authority to Execute Agreement.** By signing below, each Party warrants and represents that the person signing this Agreement on its or his behalf has authority to bind that Party and that the Party's execution of this Agreement is not in violation of any by-law, covenants and/or other restrictions placed upon them by their respective entities.

**21.     Facsimile/Electronic Signatures.** Execution delivered by facsimile or electronic mail to the Parties' counsel of record shall be deemed effective as if executed in original.

[*SIGNATURE BLOCKS ON FOLLOWING PAGE*]

## AGREED TO BY THE PARTIES, WITH INTENT TO BE LEGALLY BOUND.

**ADRIAN RANGEL**
Signature: *Adrian Rangel*
Date: 3-26-17

**COMPLIANCE STAFFING AGENCY, LLC**
Signature: *Adrian Rangel*
By (Print): Adrian Rangel
Title: Fonman
Date: 3-26-17

**JACOBO RANGEL**
Signature: *Jacobo Rangel*
Date: 3-26-17

**ELITE STORAGE SOLUTIONS, LLC**
Signature: *Jacobo Rangel*
By (Print): Jacobo Rangel
Title: Labore
Date: 3-26-17

**LUIS RANGEL**
Signature: *Luis Rangel*
Date: 3-26-17

**BRANDON CHANDLER**
Signature: _____
Date: _____

**JEFFERY LYON**
Signature: _____
Date: _____

**LLOYD ROME JR.**
Signature: _____
Date: _____

**ROGER SCITES**
Signature: _____
Date: _____

## AGREED TO BY THE PARTIES, WITH INTENT TO BE LEGALLY BOUND.

**ADRIAN RANGEL**

Signature: _____

Date: _____

**COMPLIANCE STAFFING AGENCY, LLC**

Signature: _____

By (Print): _____

Title: _____

Date: _____

**JACOBO RANGEL**

Signature: *Jacobo Rangel*

Date: 3-26-17

**ELITE STORAGE SOLUTIONS, LLC**

Signature: _____

By (Print): _____

Title: _____

Date: _____

**LUIS RANGEL**

Signature: _____

Date: _____

**BRANDON CHANDLER**

Signature: _____

Date: _____

**JEFFERY LYON**

Signature: _____

Date: _____

**LLOYD ROME JR.**

Signature: _____

Date: _____

**ROGER SCITES**

Signature: _____

Date: _____

WSACTIVELLP:9055515.1

**AGREED TO BY THE PARTIES, WITH INTENT TO BE LEGALLY BOUND.**

| | |
|---|---|
| **ADRIAN RANGEL** | **COMPLIANCE STAFFING AGENCY, LLC** |
| Signature: _____ | Signature: _____ |
| Date: _____ | By (Print): _____ |
| | Title: _____ |
| | Date: _____ |
| **JACOBO RANGEL** | **ELITE STORAGE SOLUTIONS, LLC** |
| Signature: _____ | Signature: _____ |
| Date: _____ | By (Print): _____ |
| | Title: _____ |
| | Date: _____ |
| **LUIS RANGEL** | **BRANDON CHANDLER** |
| Signature: _____ | Signature: _/s/ Brandon Chandler_ |
| Date: _____ | Date: 03/28/2018 |
| **JEFFERY LYON** | **LLOYD ROME JR.** |
| Signature: _____ | Signature: _____ |
| Date: _____ | Date: _____ |
| **ROGER SCITES** | |
| Signature: _____ | |
| Date: _____ | |

**AGREED TO BY THE PARTIES, WITH INTENT TO BE LEGALLY BOUND.**

**ADRIAN RANGEL**

Signature: _____

Date: _____

**COMPLIANCE STAFFING AGENCY, LLC**

Signature: _____

By (Print): _____

Title: _____

Date: _____

**JACOBO RANGEL**

Signature: _____

Date: _____

**ELITE STORAGE SOLUTIONS, LLC**

Signature: _____

By (Print): _____

Title: _____

Date: _____

**LUIS RANGEL**

Signature: _____

Date: _____

**BRANDON CHANDLER**

Signature: _____

Date: _____

**JEFFERY LYON**

Signature: _[signed]_

Date: 3-28-17

**LLOYD ROME JR.**

Signature: _____

Date: _____

**ROGER SCITES**

Signature: _____

Date: _____

WSACTIVELLP:9055515.1

## AGREED TO BY THE PARTIES, WITH INTENT TO BE LEGALLY BOUND.

**ADRIAN RANGEL**

Signature: _____

Date: _____

**COMPLIANCE STAFFING AGENCY, LLC**

Signature: _____

By (Print): _____

Title: _____

Date: _____

**JACOBO RANGEL**

Signature: _____

Date: _____

**ELITE STORAGE SOLUTIONS, LLC**

Signature: _____

By (Print): _____

Title: _____

Date: _____

**LUIS RANGEL**

Signature: _____

Date: _____

**BRANDON CHANDLER**

Signature: _____

Date: _____

**JEFFERY LYON**

Signature: _____

Date: _____

**LLOYD ROME, JR.**

Signature: _____Lloyd Rome Jr._____

Date:  3/20/2017

**ROGER SCITES**

Signature: _____

Date: _____

WSACTIVELLP:9055515.1

## AGREED TO BY THE PARTIES, WITH INTENT TO BE LEGALLY BOUND.

**ADRIAN RANGEL**

Signature: _____

Date: _____

**COMPLIANCE STAFFING AGENCY, LLC**

Signature: _____

By (Print): _____

Title: _____

Date: _____

**JACOBO RANGEL**

Signature: _____

Date: _____

**ELITE STORAGE SOLUTIONS, LLC**

Signature: _____

By (Print): _____

Title: _____

Date: _____

**LUIS RANGEL**

Signature: _____

Date: _____

**BRANDON CHANDLER**

Signature: _____

Date: _____

**JEFFERY LYON**

Signature: _____

Date: _____

**LLOYD ROME JR.**

Signature: _____

Date: _____

**ROGER SCITES**

Signature: *Roger Scites*

Date: 3/25/17

WSACTIVELLP:9055515.1

## AGREED TO BY THE PARTIES, WITH INTENT TO BE LEGALLY BOUND.

**ADRIAN RANGEL**

Signature: _____

Date: _____

**COMPLIANCE STAFFING AGENCY, LLC**

Signature: _____

By (Print): _____

Title: _____

Date: _____

**JACOBO RANGEL**

Signature: Jacobo Rangel

Date: 3-26-17

**ELITE STORAGE SOLUTIONS, LLC**

Signature: _____

By (Print): STEVE E. South

Title: CEO

Date: 4/2/17

**LUIS RANGEL**

Signature: _____

Date: _____

**BRANDON CHANDLER**

Signature: _____

Date: _____

**JEFFERY LYON**

Signature: _____

Date: _____

**LLOYD ROME JR.**

Signature: _____

Date: _____

**ROGER SCITES**

Signature: _____

Date: _____

WSACTIVELLP:9055515.1

## AGREED TO BY THE PARTIES, WITH INTENT TO BE LEGALLY BOUND.

**ADRIAN RANGEL**

Signature: _____

Date: _____

**COMPLIANCE STAFFING AGENCY, LLC**

Signature: *[signed]*

By (Print): Karl A. Calandra

Title: Executive Vice President

Date: 4/4/17

**JACOBO RANGEL**

Signature: Jacobo Rangel

Date: 3-26-17

**ELITE STORAGE SOLUTIONS, LLC**

Signature: _____

By (Print): _____

Title: _____

Date: _____

**LUIS RANGEL**

Signature: _____

Date: _____

**BRANDON CHANDLER**

Signature: _____

Date: _____

**JEFFERY LYON**

Signature: _____

Date: _____

**LLOYD ROME JR.**

Signature: _____

Date: _____

**ROGER SCITES**

Signature: _____

Date: _____

WS ACTIVELLP:9055515.1